**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MOHAMED SIDY DIALLO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2378-KC** |
| | § | |
| **TODD BLANCHE et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On September 17, 2026, Petitioner Mohamed Sidy Diallo filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1. Diallo is currently in immigration detention custody at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 7. He alleges that he is unlawfully held in immigration custody and requests that the Court order Respondents to "state the true cause of Petitioner's detention," "order Petitioner's immediate release," and grant other relief. *Id.* at 26–28.

Diallo, a citizen of Guinea, entered the United States on November 20, 2026, and "immediately sought asylum." *Id.* ¶ 2. Upon entry, he was detained and then released on his own recognizance. *Id.* ¶¶ 2–3. On January 7, 2026, Diallo was taken into immigration detention custody. *Id.* ¶¶ 4, 6. He filed a habeas petition that month, Pet., *Diallo v. Bondi*, No. 3:26-cv-102-KC (W.D. Tex. Jan. 20, 2026), ECF No. 1, and this Court ordered Respondents to give Diallo an individualized bond hearing in front of an immigration judge ("IJ"), Order, *Diallo*, No. 3:26-cv-102-KC (Jan. 29, 2026), ECF No. 6. After the hearing was held and Diallo was denied bond on flight risk grounds, the Court closed the case. Final J., *Diallo*, No. 3:26-cv-102-KC (Feb. 6, 2026), ECF No. 9. Diallo filed a motion to reopen, which the Court denied on the

grounds that it lacks jurisdiction to sit in review of a discretionary finding of an IJ. *See* Order, *Diallo*, No. 3:26-cv-102-KC (Feb. 18, 2026), ECF No. 14; Pet. ¶ 10.

Now, some seven months later, Diallo remains in immigration detention, pending appeal of his order of removal entered on July 2, 2026. Pet. ¶¶ 10–11. Diallo brings this new Petition to seek release from custody. *See generally* Pet. He argues that because "Respondents never had lawful authority to arrest and detain him," and because "his continued confinement . . . no longer bears a reasonable relation to any legitimate governmental purpose and therefore violates the Fifth Amendment," his current detention in immigration custody is unlawful. *Id.* ¶ 13.

His first claim is that under the *Accardi* doctrine, Respondents' failure to present Diallo with a Form I-200 means that "Respondents used warrantless arrest procedures to take Petitioner and place him in immigration custody, in violation of 8 U.S.C. § 1226(a)." *Id.* ¶¶ 6, 62–63, 73. However, the Supreme Court has ruled that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (citations omitted). Thus, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1040 (citation omitted). "And where detention is pursuant to that deportation proceeding, habeas relief is unavailable to remedy the illegal arrest." *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. 3-26-cv-829-KC, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026) (collecting cases). Diallo does not address or even acknowledge this Court's *Navdeep* decision and offers no authority to support his contention that an illegal arrest results in unlawful detention. *See generally* Pet. Therefore, any claim based on unlawful arrest lacks merit.

Diallo also challenges his detention as unreasonably prolonged under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Pet. ¶¶ 68–72. However, Diallo concedes that he is not subject to a final order of removal, *id.* ¶¶ 10–11, and that he was given an individualized bond hearing, *id.* ¶ 8. He does not provide any authority to support his contention that his continued detention pending resolution of his removal proceedings, and after an individualized custody hearing, is subject to a different due process analysis under *Zadvydas*. And the Court is aware of none. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Absent such authority, the Court declines to order relief.

In short, although Respondents may very well have arrested Diallo without a warrant in violation of their regulations and Diallo "may be able to pursue 'alternative remedies,'" "relief on *habeas corpus* is 'at its core a remedy for unlawful executive detention.'" *Carnesolta v. Tate*, No. 26-cv-1006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (citations omitted).

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 18th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE